NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4244

_____

HOWARD SNYDER,

Appellant,

v.

BAXTER HEALTHCARE, INC.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 08-0566)
Magistrate Judge: Honorable Amy Reynolds Hay
_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2010

_____

Before: RENDELL, JORDAN, and GREENAWAY, JR., Circuit Judges

(Opinion Filed: September 14, 2010)

_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

1

Appellant Howard Snyder ("Snyder") appeals from the final order of the United States District Court for the Western District of Pennsylvania granting the motion to dismiss of Appellee Baxter Healthcare, Inc. ("Baxter"), as to his claims of discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1]; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS. STAT. ANN. § 951 *et seq.* We find no merit to Snyder's contentions, and no error with the District Court's determinations. We will affirm.

## I. BACKGROUND

We write solely for the benefit of the parties and recount only the essential facts.

Snyder was hired by Baxter in 1990 to install machinery used in blood transfusions and to conduct training in the operation of that machinery. On February 28, 2007, Baxter ceased operation of its transfusion machinery unit, and sold its assets to Texas Pacific Group ("TPG"), which formed a new corporation named Fenwal. Effective March 1,

---

[1] In his submissions, Snyder appears to appeal the dismissal of his entire Complaint, including his Title VII claim. The District Court correctly stated that "Title VII makes it unlawful for an employer to discriminate on the basis of race, color, religion, sex, or national origin." Snyder v. Baxter, Inc., No. 08-566, 2009 WL 185993 at *1 n.1 (W.D. Pa. Jan. 23, 2009). The District Court, thus, correctly dismissed Snyder's Title VII claims, as the Complaint and the charge filed with the Equal Employment Opportunity Commission ("EEOC") fail to allege discrimination on any of the aforementioned grounds.

2

2007, Snyder became an employee of Fenwal.

On September 6, 2007, Snyder filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC Charge"), alleging that Baxter, Fenwal, and TPG (collectively, "Defendants") harassed, discriminated against, and retaliated against Snyder on the basis of age and disability. The EEOC Charge was subsequently cross-filed with the Pennsylvania Human Rights Commission ("PHRC").

On April 23, 2008, Snyder filed a two-count complaint (the "Complaint") in the United States District Court for the Western District of Pennsylvania.[2] Snyder asserted Title VII, ADEA, ADA, and PHRA violations against Defendants. The crux of those allegations is as follows:

> Plaintiff, at all relevant times was subject to a continuous and ongoing hostile work environment, subject to disparate treatment, harassment, humiliation, and discrimination based on his age (66), his disability/perceived disability as well as retaliation for complaining regarding the ongoing hostile work environment, disparate treatment, harassment, and discrimination.

(J.A. Vol. II at 12.)

Snyder's Complaint went on to state generally that he had been the victim of negative comments relating to his age. He also included a number of discrete allegations

---

[2]Pursuant to 28 U.S.C. § 636(c), the parties consented to have United States Magistrate Judge Amy Reynolds Hay adjudicate the instant action. The statute provides that "[t]he consent of the parties allows a magistrate judge . . . to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 636(c)(3). Accordingly, we refer to the decision of Magistrate Judge Hay as the decision of "the District Court."

of discrimination, specifically dated 1997; 2000; 2001; June 24, 2002; December 13, 2004; and mid-2006.[3] (J.A. Vol. II at 13-16.) The EEOC Charge alleged, as follows: failure to train in 1990; ageist jokes in 1990, 2002, and mid-2006; less favorable office space in 1997; harassment through phone calls in January 2005; threatened job loss in July 2005; reduced job responsibilities in April 2007; denied permission to train on April 20, 2007; too heavy workload during the week of April 25, 2007; account taken away on or about July 20, 2007; and denied "helper" to disassemble heavy machinery on August 3, 2007. (Id. at 44-51.)

On August 1, 2008, Baxter moved to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Baxter argued that all of Snyder's claims were barred by the applicable statute of limitations. In reply to Baxter's motion to dismiss, on September 11, 2008, Snyder submitted an affidavit,[4] again alleging general and discrete discriminatory behavior and acts on the part of Baxter, Fenwal, and TPG. Snyder alleged in his affidavit that in Autumn 2006, as a result of his age and disability, Baxter discriminated against him by removing a major account from his supervision. This statement contravenes the allegations of Snyder's Complaint, which states that the account was taken from him in April 2007. Snyder's affidavit also states

---

[3]The Complaint states "In 2006." The EEOC Charge clarifies the time of year.

[4]Pursuant to Rule 12(b)(6), affidavits or other peripheral documents are generally not permissible for a district court's consideration because a motion to dismiss attacks claims contained by the four corners of the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

4

that in December 2006, he requested a disability accommodation, in the form of assistance with lifting heavy objects, and was denied. In contrast, Snyder's Complaint states that he requested accommodation in August 2007.

Despite Snyder's documented inconsistencies, the District Court reviewed all of his submissions, including the Complaint, the EEOC Charge, and the affidavit, in considering Baxter's motion. The District Court dismissed all of Snyder's ADA and ADEA claims against Baxter on the basis that they were time-barred. After the remaining defendants settled, Snyder filed a timely notice of appeal. He now argues that the District Court erred in dismissing his Complaint, as against Baxter. Snyder also argues that the District Court erred by failing to grant him leave to amend *sua sponte*.

Upon consideration of the Complaint and the EEOC Charge, this Court agrees with the decision of the District Court. Snyder's ADEA and ADA claims are time-barred and were properly dismissed. We shall affirm.

## II. <u>JURISDICTION</u>

The District Court exercised jurisdiction, pursuant to 28 U.S.C. § 1331. We have jurisdiction to review an order granting a motion to dismiss, pursuant to 28 U.S.C. § 1291.

## III. <u>STANDARD OF REVIEW</u>

We exercise plenary review over the District Court's grant of Baxter's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Phillips v. County of</u>

5

Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (May 18, 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## IV.  ANALYSIS

A.  Statute of Limitations

In order to maintain an action under the ADA or the ADEA, a Plaintiff is required to file a charge with the EEOC within 300 days of the allegedly unlawful practice. 29 U.S.C. § 626(d)(2); 42 U.S.C. § 2000e-5(e)(1). Snyder filed his EEOC Charge on September 6, 2007. Thus, his federal discrimination claims are limited to the period of time between November 10, 2006 and September 6, 2007. The parties agree that Snyder's claims against Baxter are limited to February 28, 2007, his final day of employment with the company. Thus, as to Snyder's ADA and ADEA claims, the applicable time period to assert a timely claim is between November 10, 2006 and February 28, 2007.

6

B.      Snyder's Federal Discrimination Claims[5]

The District Court properly restricted the relevant period of alleged discrimination attributable to Baxter to November 10, 2006 (or 300 days prior to Snyder's September 6, 2007 EEOC filing) to February 28, 2007 (the day on which Snyder and Baxter's

---

[5]Snyder's brief on appeal does not specifically address his intention to appeal the District Court's dismissal of his state law discrimination claims, or his state and federal retaliation claims.  Indeed, Snyder conceded before the District Court,

> that any claims against Baxter that he . . . asserted under the Pennsylvania Human Rights Act . . . are time barred.  The PHRA has a 180 [day] limitations period relating to a charging party's administrative filing, and it is undisputed that Snyder's EEOC Charge, which was cross filed with the [Pennsylvania Human Relations Commission], was filed more than 180 days after Snyder ceased to be employed by Baxter.

(Supplemental App. at 4 n.2.)

The District Court noted Snyder's concession and, in quick fashion, dismissed his state law claims.  This Court agrees.  The statute of limitations is shorter under the PHRA than under the ADA or ADEA; claims must be filed within 180 days after the alleged act of discrimination.  See 43 PA. CONS. STAT. § 959(h).  Since Snyder cross-filed his EEOC Charge with the PHRC on September 10, 2007, the earliest date upon which he could assert a PHRA claim is March 10, 2007.  Snyder was no longer employed by Baxter on that date.  Thus, no state law claim can be maintained against Baxter.

Further, the Complaint makes no allegation of retaliation preceding February 28, 2007, the day on which Snyder ceased to be employed by Baxter.  Indeed, as even Snyder recognizes, the earliest date on which any complaint of retaliation could be asserted is September 6, 2007, the date Snyder filed his EEOC Charge.  (See J.A. at 14 ("[Snyder] has been subject to ongoing and continuous age and disability/perceived disability harassment and discrimination *since* he filed his EEOC Charge.  No corrective action has been made, this is in retaliation for his filing a complaint. . . . *Fenwal* has not addressed employment diversity issues under Title VII and in fact encourages and perpetuates retaliation against Plaintiff for filing a complaint.") (emphases added).)

Baxter cannot be held liable for retaliating against Snyder.  Baxter ceased to have any employment relationship with Snyder several months prior to Snyder filing his EEOC Charge.  The District Court properly dismissed Snyder's state law claims and retaliation claims.

7

employment relationship ceased).

The Complaint contains no specific allegations of discrimination within the relevant period. Nonetheless, Snyder contends that the District Court erred by failing to consider that the Complaint and the EEOC Charge established "a colorable statement of the facts and claims sought to be litigated." (Appellant's Br. at 11.) Snyder asserts that his Complaint described in general terms, "an atmosphere of age based jokes, cartoons, and innuendo which went unabated from 1990 to 2007." (Id.)

Despite Snyder's vague allegations of unyielding discrimination and hostile work environment, he seeks to invoke the continuing violation doctrine to resurrect his now moribund claims. Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991). Curiously, Snyder fails to allege *any* specific act of discrimination that occurred within the statute of limitations period. Snyder cannot revive his time-barred allegations of discrimination or hostile work environment without alleging at least one specific, timely violation.[6]

---

[6]Before the District Court, however, Snyder, apparently understanding the deficiencies of his Complaint, submitted an affidavit containing three specific allegations of age and disability discrimination. Snyder claimed that in November 2006 and January 2007, a coworker made "statements that were negative and demeaning with respect to age." (J.A. Vol II at 22.) Snyder also alleged that "because of my disability related to my back," he

8

Upon review of the Complaint and the EEOC Charge, we agree with the District Court that Snyder has failed to allege sufficient facts to withstand <u>Iqbal</u>'s and <u>Twombly</u>'s plausibility standard.

C.    Amending the Complaint

Acknowledging the deficiency of his Complaint, Snyder now asserts that the District Court erred by failing to *sua sponte* grant Snyder leave to amend his pleading. We review for abuse of discretion the District Court's failure to grant leave to amend. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

In <u>Phillips</u>, a Section 1983 case, we announced that "[i]f a complaint is vulnerable to 12(b)(6), a district court must permit a curative amendment, unless an amendment would be inequitable or futile." <u>Phillips</u>, 515 F.3d at 236. The reach of this rule outside of the Section 1983 context, and extent to which a district court must *sua sponte* offer leave to amend remains unresolved. <u>See</u> <u>Fletcher-Harlee Corp., v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 252 (3d Cir. 2007) ("Standing in tension with the long-standing amendment rule is our longer-standing rule that, to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile. Indeed, we have held that a failure to

---

asked for heavy lifting assistance, but was refused accommodation. (<u>Id.</u>) Each of these claims contradicts allegations set forth in his previously filed EEOC Charge and Complaint.

The District Court was not swayed by Snyder's averments. Moreover, as the District Court essentially acknowledged, the affidavit was outside the purview of the Complaint. <u>See</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d at 1426.

submit a draft amended complaint is fatal to a request for leave to amend." (internal citations omitted)). In fact, we have held that "it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint." Id. at 253.

This case does not present the proper vehicle to resolve the apparent conflict between Phillips and Fletcher-Harlee Corp. Snyder has clearly chosen to stand on his Complaint, and cannot expect relief in the form of leave to amend. See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007) (holding that a plaintiff elected to stand on her complaint by failing to seek leave to amend before or after dismissal, and by maintaining throughout the pendency of litigation that her complaint's allegations were sufficient).

Snyder never requested leave to amend before the District Court, nor did he submit a draft amended complaint for the District Court's consideration. Even now, in spite of his present request for leave to amend, Snyder still maintains that the Complaint and the EEOC Charge, together, solely "provide a colorable statement of the facts and claims sought to be litigated." (Appellant's Br. at 11.) Considering Snyder's failure to request leave to amend, and his persistence in the sufficiency of his Complaint, we find that the District Court did not abuse its discretion by failing to provide Snyder leave to amend.

## V.   CONCLUSION

Snyder's complaint does not state a cause of action upon which relief may be granted. The District Court properly dismissed Snyder's claims. We will affirm the

Order of the District Court.